UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBASSADOR PUBLICATIONS, L.L.C.,<br><br>      Plaintiff,<br><br> v.<br><br>REACHLOCAL, INC., STEPHAN CESARINI, PAUL DeBIASE, LAWRENCE STONE, ADVANCED ROI, ANDREW KNIGHT, and DOUGLAS KELLEHER,<br><br>      Defendants. | 07 Civ. 5687 (LTS)<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO
DISMISS OR TRANSFER**

TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. ARGUMENT..................................................................................................................1

    A. The Parties' Mandatory Forum Selection Clause Requires Dismissal Under Rule 12, Transfer Under 28 U.S.C. § 1406(a), Or Transfer Under 28 U.S.C. § 1404(a). .........................................................1

    B. The *Bremen* Standard Requires Dismissal. .......................................................3

        1. Dismissal Is Procedurally Proper. ...........................................................3

        2. Ambassador Does Not And Cannot Meet The *Bremen* Standard. ..................................................................................................4

        3. The Forum Selection Clause Applies To Each Of The Claims. ......................................................................................................6

    C. Alternatively, Transfer Under 28 U.S.C. § 1406(a) Is Necessary And Appropriate. ................................................................................................8

    D. Alternatively, Transfer Under 28 U.S.C. § 1404(a) Is Necessary And Appropriate. ................................................................................................8

        1. The Forum Selection Clause Mandates A Transfer....................................8

        2. The Availability Of Evidence And Witnesses In California Weighs Heavily In Favor Of Transfer. .....................................................9

    E. Ambassador's Substantive Contentions Are Without Merit. ..............................9

III. CONCLUSION ............................................................................................................10

TABLE OF AUTHORITIES

Page

**CASES**

*ASM Commc'ns, Inc. v. Allen,*
   656 F. Supp. 838 (S.D.N.Y. 1987) ............................................................................ 2

*Corrigan v. Bjork Shiley Corp.,*
   182 Cal. App. 3d 166 (1986) .................................................................................... 5

*Day Village LP v. CW Capital, LLC,*
   2006 WL 2572118 (S.D.N.Y. Sept. 7, 2006) ........................................................... 4

*Ferketich v. Carnival Cruise Lines,*
   2002 U.S. Dist. LEXIS 20052 (D. Pa. Oct. 16, 2002) ............................................. 5

*Garcia v. Fid. ATM, Inc.,*
   2006 U.S. Dist. LEXIS 70069 (D. Tex. Sept. 27, 2006) .......................................... 5

*GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.,*
   2001 U.S. Dist. LEXIS 289 (S.D.N.Y. Jan. 17, 2001) ............................................. 4

*HNY Assoc., LLC v. Summit Resort Properties, Inc.,*
   2001 U.S. Dist LEXIS 5310 (S.D.N.Y. Apr. 30, 2001) ........................................... 3

*Hodes v. S.N.C. Achille Lauro ed Altri-Gestione,*
   858 F.2d 905 (3d Cir. 1988) ..................................................................................... 5

*Holey Soles Holdings, Ltd. v. Foam Creations, Inc.,*
   2006 WL 1147963 (S.D.N.Y. May 1, 2006) ........................................................... 8

*Intershop Commc'ns v. Super. Ct.,*
   104 Cal. App. 4th 191 (2002) ................................................................................... 6

*Jones v. Weibrecht,*
   901 F.2d 17 (2d Cir. 1990) ....................................................................................... 2

*Licensed Practical Nurses, Technicians & Health Care Workers of New York v.*
   *Ulysses Cruises,*
   131 F. Supp. 2d 393 (S.D.N.Y. 2000) ..................................................................... 4

*Longview Equity Fund, LP v. McAndrew,*
   2007 U.S. Dist. LEXIS 4581 (S.D.N.Y. Jan. 23, 2007) .......................................... 8

*M/S Bremen v. Zapata Off-Shore Co.,*
   407 U.S. 1 (1972) ................................................................................................. 2, 4

*Matera v. Native Eyewear, Inc.,*
   355 F. Supp. 2d 680 (E.D.N.Y. 2005) ..................................................................... 4

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Chua,*
   1991 WL 60385 (S.D.N.Y. Apr. 4, 1991) ............................................................... 8

*Person v. Google Inc.*,
  456 F. Supp. 2d 488 (S.D.N.Y. 2006) ................................................................... 3, 4

*Preferred Capital, Inc. v. Assocs. in Urology*,
  453 F.3d 718 (6th Cir. 2006) ................................................................................. 4

*Reliance Ins. Co. v. Six Star, Inc.*,
  155 F. Supp. 2d 49 (S.D.N.Y. 2001) ..................................................................... 8, 9

*Roby v. Corp. of Lloyd's*,
  996 F.2d 1353 (2d Cir. 1993) ................................................................................ 2, 6

*Smith, Valentino & Smith, Inc. v. Super. Ct.*,
  17 Cal. 3d 491 (1976) ............................................................................................ 6

*Sun Forest Corp. v. Shvili*,
  152 F. Supp. 2d 367 (S.D.N.Y. 2001) ................................................................... 6

*Weingrad v. Telepathy, Inc.*,
  2005 U.S. Dist. LEXIS 26952 (S.D.N.Y. Nov. 3, 2005) ....................................... 3, 4, 6

*Weiss v. Columbia Pictures Television, Inc.*,
  801 F. Supp. 1276 (S.D.N.Y. 1992) ...................................................................... 2, 5

*Worker's Comp. Legal Clinic of La. V. Bellsouth Telecomms., Inc.*,
  2003 U.S. Dist. LEXIS 12988 (E.D. La. July 28, 2003) ....................................... 5

## STATUTES

28 U.S.C. § 1404(a) ........................................................................................................ 1, 2, 8

28 U.S.C. § 1406(a) ........................................................................................................ 1, 2, 7, 8

## RULES

Federal Rule of Civil Procedure 12 ................................................................................. 1

## I.   INTRODUCTION

Plaintiff Ambassador Publications, LLC's ("Ambassador") opposition to the pending motion to dismiss or transfer by defendants ReachLocal, Inc. ("ReachLocal") and Stephan Cesarini (together, the "ReachLocal Defendants") is long on rhetoric, but lacking in substance. Ambassador cannot and does not dispute the existence or validity of the parties' forum selection clause requiring that this action be filed in Los Angeles, California. Nor does Ambassador dispute that it is suing ReachLocal for a breach of the very agreements containing the forum selection clause. Rather, Ambassador offers excuses why it would be "inconvenient" for Ambassador to be held to its bargain. Ambassador takes the apparent position that it can sue ReachLocal for a breach of the parties' agreements, while at the same avoid compliance with those agreements as they pertain to the agreed-upon forum. Unsurprisingly, Ambassador's position is contrary to overwhelming authority, and fails as a matter of law.

In the end, Ambassador fails to meet its heavy burden to overcome the parties' mandatory forum selection clause. Indeed, Ambassador makes no attempt to do so at all, opting instead to ignore the strict legal standard at play, in favor of a more liberal, but inapplicable standard. Even if that lower standard applied, Ambassador fails to meet it. Accordingly, the Court can and should dismiss, or at the very least, transfer this case.

## II.   ARGUMENT

### A.   The Parties' Mandatory Forum Selection Clause Requires Dismissal Under Rule 12, Transfer Under 28 U.S.C. § 1406(a), Or Transfer Under 28 U.S.C. § 1404(a).

When faced with a mandatory forum selection clause, the Court has three options in enforcing the clause: (1) dismiss the case pursuant to Rule 12 of the Federal Rules of Civil Procedure or 28 U.S.C. § 1406(a); (2) transfer the case to the Central District of California pursuant to 28 U.S.C. § 1406(a); or (3) transfer the case pursuant to 28 U.S.C. § 1404(a). The

1

relevant legal standards for each option is discussed in turn; irrespective of which one is applied here, Ambassador cannot avoid application of the forum selection clause.

First, if a party seeking enforcement of a mandatory forum selection clause moves to dismiss pursuant to Rule 12 (b)(1), (3) or (6), the Court must apply the standard set out in *M/S Bremen v. Zapata Off-Shore Co.* ("*Bremen*"), 407 U.S. 1 (1972). *See Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1990) (dismissing case and holding the *Bremen* factors control motions to dismiss to enforce mandatory forum selection clauses and not the discretionary factors under 28 U.S.C. § 1404(a)). Under *Bremen*, the Court must dismiss the case unless one of the following is shown: "(1) if its incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clause contravenes a strong public policy of the forum state." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993) (citing *Bremen*, 407 U.S. at 1) (internal citations and quotation marks omitted).

Second, if the party resisting the forum selection clause cannot meet the strict *Bremen* standard, the Court may transfer the case in lieu of dismissal on its own accord, even if the moving party does not request a transfer under 28 U.S.C. § 1406(a). *See, e.g., ASM Commc'ns, Inc. v. Allen*, 656 F. Supp. 838, 839-40 (S.D.N.Y. 1987) (applying the *Bremen* factors to transfer pursuant to 28 U.S.C. § 1406(a)).

Finally, even if the plaintiff can overcome the strict *Bremen* standard, the Court may transfer the case under 28 U.S.C. § 1404(a). Under section 1404(a), the plaintiff's choice of forum is entitled to no deference if it contravenes the parties' mandatory forum selection clause. *See Weiss v. Columbia Pictures Television, Inc.*, 801 F. Supp. 1276, 1278 (S.D.N.Y. 1992)

("Although deference is normally accorded plaintiff's original choice of forum, deference is inappropriate where plaintiff has already contractually chosen the appropriate venue.").

**B.   The *Bremen* Standard Requires Dismissal.**

    **1.   Dismissal Is Procedurally Proper.**

Ambassador fails to address any of the *Bremen* factors in its opposition papers. Rather, Ambassador attempts to shoehorn the entire analysis into a customary section 1404(a) transfer analysis. Ambassador does not dispute that the parties agreed to a mandatory forum selection clause that requires that all disputes between the parties "shall be brought in a court of competent jurisdiction located in the county of Los Angeles County, state of California." Wright Decl., at ¶ 9, Exh. C (the Account Agreement). Instead, Ambassador contends that "[d]efendant's motion should be denied insofar as it seeks dismissal of this action rather than transfer." Opposition, at p. 8.

Ambassador's argument fails. Courts in this District routinely dismiss cases involving mandatory forum selection clauses. *See, e.g., Person v. Google Inc.*, 456 F. Supp. 2d 488, 498 (S.D.N.Y. 2006) (dismissal granted to enforce forum selection clause); *Weingrad v. Telepathy, Inc.*, 2005 U.S. Dist. LEXIS 26952, *8-9 (S.D.N.Y. Nov. 3, 2005) (same); *HNY Assoc., LLC v. Summit Resort Properties, Inc.*, 2001 U.S. Dist LEXIS 5310, *8 (S.D.N.Y. Apr. 30, 2001) (same). Indeed, at least one court in this District has held that anything short of dismissal is improper, if the forum selection clause allows for suits to be filed in state or federal court (as is the case here). *Id.* ("Since the forum selection clause here permits the parties to bring suit in the federal and state courts of California, transferring the case would deprive the parties of their contractual right to choose between state and federal court."); *accord GMAC Commercial*

*Credit, LLC v. Dillard Dep't Stores, Inc.*, 2001 U.S. Dist. LEXIS 289, *20 (S.D.N.Y. Jan. 17, 2001).[1]

### 2. Ambassador Does Not And Cannot Meet The *Bremen* Standard.

First, Ambassador does not and cannot contend that the parties' forum selection clause is the product of fraud. Nowhere in the three declarations submitted in opposition to the motion is there any mention of fraud or unfair dealing. Ambassador is a sophisticated commercial entity that negotiated the Agreements with ReachLocal over the course of several weeks with the assistance of counsel.[2]

Second, Ambassador will not be "gravely inconvenienced" by enforcement of the forum selection clause. Ambassador contends only that it will be more expensive and less convenient for Ambassador to litigate this case in California. Ambassador must prove much more to meet its burden, particularly in the context of a dispute between sophisticated commercial entities. "Trial in the contractual forum [must] be so gravely difficult and inconvenient that [plaintiff] will for all practical purposes be deprived of [its] day in court." *Bremen*, 407 U.S. at 19. "Mere inconvenience and expense of traveling are not, standing alone,

---

[1] None of the cases cited by Ambassador to the contrary apply. First, Ambassador relies upon *Day Village LP v. CW Capital, LLC*, 2006 WL 2572118, *2 (S.D.N.Y. Sept. 7, 2006). *Day Village*, however, did not even involve a forum selection clause. Second, Ambassador relies upon *Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680 (E.D.N.Y. 2005). *Matera* is not a Southern District case, and it pre-dates both *Weingrad* and *Person* (both opinions from the Southern District). *See Person*, 456 F. Supp. 2d at 498; *Weingrad*, 2005 U.S. Dist. LEXIS 26952 at *8-9. As explained above, both *Weingrad* and *Person* permit dismissal as a means of enforcing a forum selection clause. Finally, Ambassador relies upon *Licensed Practical Nurses, Technicians & Health Care Workers of New York v. Ulysses Cruises*, 131 F. Supp. 2d 393, 409 (S.D.N.Y. 2000). *Licensed Practical Nurses* is inapposite. First, the case turned on the expiration of a contractual one-year limitation on filing claims; the court's discussion of venue was limited to dicta. Second, as discussed above, Southern District cases post-dating *Licensed Practical Nurses* have held dismissal to be appropriate under Rule 12(b)(3) and (6). *See, e.g., Person*, 456 F. Supp. 2d at 498; *Weingrad*, 2005 U.S. Dist. LEXIS 26952 at *8-9.

[2] "The commercial nature of a contract is a vital factor weighing in favor of enforcement of a forum selection clause . . . Commercial forum selection clauses between for-profit business entities are prima facie valid." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721-22 (6th Cir. 2006) (internal citations omitted).

adequate reasons to disturb the parties' contractual choice of forum." *Weiss v. Columbia Pictures Television, Inc.*, 801 F. Supp. 1276, 1279 (S.D.N.Y. 1992) (internal citation omitted).

Only the rarest of circumstances can establish "grave inconvenience." *See Garcia v. Fid. ATM, Inc.*, 2006 U.S. Dist. LEXIS 70069, *12-17 (D. Tex. Sept. 27, 2006) (no grave inconvenience if plaintiff was aware of its agreement to litigate in a particular forum); *Ferketich v. Carnival Cruise Lines*, 2002 U.S. Dist. LEXIS 20052, *19-21 (D. Pa. Oct. 16, 2002) (no grave inconvenience where plaintiff, seventy-five years of age, had to travel to a distant state to litigate); *Worker's Comp. Legal Clinic of La. v. Bellsouth Telecomms., Inc.*, 2003 U.S. Dist. LEXIS 12988, *5, *16 (E.D. La. July 28, 2003) (no grave inconvenience where parties could take advantage of measures that could reduce costs associated with out-of-state witnesses, such as submitting deposition testimony in lieu of live testimony). Ambassador has more than enough resources to litigate this matter in California.

Third, California is an appropriate forum for this dispute. ReachLocal is a resident of California that has customers from various parts of the country. Rather than travel all over the country every time it has a dispute with a customer, it is reasonable for ReachLocal to insist on one certain forum. Courts recognize this as a rational basis for a selected forum. *See, e.g., Corrigan v. Bjork Shiley Corp.*, 182 Cal. App. 3d 166, 173 (1986) (forum selection clause reasonable if selected forum is company's principal place of business). Ambassador offers no legitimate basis for contending that it would receive unfair treatment in California. Courts have deemed litigation in foreign countries to be fundamentally fair; there is no reason why litigation in California can or should be deemed fundamentally unfair. *See, e.g., Hodes v. S.N.C. Achille Lauro ed Altri-Gestione*, 858 F.2d 905, 916 (3d Cir. 1988) (no fundamental unfairness where plaintiff had to bring suit in Italy pursuant to a forum selection clause).

Finally, enforcement of the forum selection clause is consistent with both New York and California public policy. *See Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 380-81 (S.D.N.Y. 2001) ("[The] Second Circuit . . . has a 'strong policy' in favor of giving effect to . . . a [forum selection] clause."); *Intershop Commc'ns v. Super. Ct.*, 104 Cal. App. 4th 191, 196-98 (2002) (mandatory forum selection clauses enforced unless unfair or unreasonable); *Smith, Valentino & Smith, Inc. v. Super. Ct.*, 17 Cal. 3d 491, 495-96 (1976) (forum selection clauses favored). Under *Bremen*, the Court can and should dismiss the case.

### 3. The Forum Selection Clause Applies To Each Of The Claims.

Ambassador contends that it should not be bound by the parties' forum selection clause because it has asserted "multiple causes of action that are not for breach of contract." Opposition, at p. 15. In other words, Ambassador would have the Court limit the scope of the forum selection clause to contract claims only. Ambassador's narrow interpretation fails as a matter of contract and as a matter of law.

First, the forum selection clause applies to "[a]ny claim . . . arising out of or in connection with this Agreement or the Service . . . ." Wright Decl., at ¶ 9, Exh. C (the Account Agreement), ¶ 22. As set forth in the moving papers, each of Ambassador's claims against the ReachLocal Defendants arise under the Agreements and/or the ReachLocal Service.[3] Thus, as a matter of contract, the forum selection clause applies.

As a matter of law, forum selection clauses extend to contract claims, tort claims, and statutory violations. *Roby v. Corp. of Lloyd's*, 996 F.2d at 1361; *Weingrad*, 2005 U.S. Dist. LEXIS 26952 at *8-9. Courts have rejected similar attempts to avoid the reach of a forum selection clause with artful pleading. *See, e.g., id.* at *13 ("A forum selection clause cannot be defeated by artful pleading of claims not based on the contract containing the clause if those

---

[3] Ambassador concedes, as it must, that its claim for breach of contract falls within the scope of the forum selection clause. Opposition, at p. 16.

claims grow out of the contractual relationship, or if the gist of those claims is a breach of that relationship.").

Ambassador also attempts to sidestep the reach of the forum selection clause, by lumping in claims that it has asserted against non-ReachLocal Defendants in an entirely separate lawsuit by way of a recent amendment.[4] Although Ambassador only grouped these claims together as a tactical move *after* the ReachLocal Defendants moved to dismiss/transfer the case,[5] Ambassador now contends that its claims against the ReachLocal Defendants *must* be tried alongside its claims against Advanced ROI and certain of its owners and/or employees (the "Advanced ROI Defendants"). This contention fails for two reasons. First, as explained below, the Advanced ROI Defendants are not employees or agents of the ReachLocal Defendants. Second, Ambassador concedes that its claims against the Advanced ROI Defendants arise out of separate agreements to which the ReachLocal Defendants are not even parties. Opposition, at p. 16. Finally, Ambassador does not at all explain why it did not bring all of its current claims together in the first place. Ambassador's attempts to limit the scope of the forum selection clause find no basis in law or fact. The motion should be granted.

---

[4] Ambassador notes that "[i]mmediately before defendants' motion to dismiss or transfer was filed, Ambassador filed an Amended Complaint." Opposition, at p. 1. However, Ambassador omits the fact that it failed to inform the ReachLocal Defendants of the amended complaint, during a pre-filing conference three days earlier, in which the ReachLocal Defendants informed Ambassador of their intent to file this motion. Further, Ambassador served the amended complaint after business hours and long after Ambassador received a copy of this motion. Ambassador virtually acknowledges its transparent gamesmanship. *See* Opposition, at p. 1 ("The amendment makes even more clear that the motion should be denied, inasmuch as the action now includes as defendants four individuals and one unincorporated business entity, all residing or doing business in New York State . . .").

[5] Notably, Ambassador already has sued three of the additional parties named in the Second Amended Complaint – Paul DeBiase, Lawrence Stone and Advanced ROI – in New York state court before this action was filed. *See* Request For Judicial Notice, Exh. A (Complaint). If Ambassador found it necessary to join these additional parties, it easily could have done so when it filed its original complaint (filed after the date of Exhibit A to the RJN).

C. **Alternatively, Transfer Under 28 U.S.C. § 1406(a) Is Necessary And Appropriate.**

Section 1406(a) vests courts with broad discretion to transfer cases *sua sponte* if the party resisting the forum selection clause fails to meet its burden under the *Bremen* standard. *See, e.g., Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, 2006 WL 1147963, *9 (S.D.N.Y. May 1, 2006). Thus, at a minimum, the Court can and should transfer the case to the Central District of California pursuant to section 1406(a).

D. **Alternatively, Transfer Under 28 U.S.C. § 1404(a) Is Necessary And Appropriate.**

Ambassador wrongly contends that a transfer pursuant to section 1404(a) is inappropriate, because "Ambassador could not have commenced this action in the Central District of California." Opposition, at p. 10.

First, this action could have and should have been brought in California against the ReachLocal Defendants. By virtue of his joinder in this motion to dismiss, Mr. Cesarini has consented to jurisdiction in California. Second, even absent Mr. Cesarini's consent, the Court "may sever claims against one or more defendants to permit transfer of the action against the other defendants." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Chua*, 1991 WL 60385, *2 (S.D.N.Y. Apr. 4, 1991) (severing Indiana defendants and granting transfer). Thus, claims against the Advanced ROI Defendants can and should be severed from claims against the ReachLocal Defendants.

1. **The Forum Selection Clause Mandates A Transfer.**

Ambassador's choice of forum is entitled to no deference because a mandatory forum selection clause exists. This Court's ruling in *Reliance Ins. Co. v. Six Star, Inc.* provides that "[a] forum selection clause is determinative of the convenience of the parties." 155 F. Supp. 2d 49, 58 (S.D.N.Y. 2001). As in *Reliance Ins. Co.*, the parties' "forum selection clause is

determinative of the convenience of the parties." *Id.* This Court consistently has taken this view. *See, e.g., Longview Equity Fund, LP v. McAndrew*, 2007 U.S. Dist. LEXIS 4581, *15 (S.D.N.Y. Jan. 23, 2007) (the "presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus.").

### 2. The Availability Of Evidence And Witnesses In California Weighs Heavily In Favor Of Transfer.

Ambassador contends that many non-party witnesses residing in New York may be required to testify in this case and will be unavailable if transfer is granted. Opposition, at p. 12. In the moving papers, the ReachLocal Defendants identified a number of witnesses who would have to travel to New York if the case were not dismissed/transferred. When the balance is divided (as it appears to be the case here), this Court has ruled that "the unavailability of process over third-party witnesses does not compel transfer when the practical alternative of offering videotaped or deposition testimony of a given witness exists." *Reliance Ins. Co.*, 155 F. Supp. 2d at 58.

### E. Ambassador's Substantive Contentions Are Without Merit.

Ambassador makes several substantive contentions in its opposition. Although these contentions are beyond the scope of this motion, the ReachLocal Defendants are compelled to address them briefly here:

- Ambassador contends that "[w]hen the ReachLocal Agreement was executed, it was agreed that ReachLocal would not be competing with Ambassador by offering internet advertising solutions to clients in New York State." Opposition, at p. 3. However, nothing in the Agreements precludes ReachLocal from "offering internet advertising solutions to clients in New York State."

- Ambassador contends that ReachLocal terminated Ambassador's access to ReachLocal's software "[a]s part of ReachLocal's plan to steal Ambassador's clients and cripple its business." Opposition, at p. 3. Ambassador, however, omits reference to the fact that, as of the date of the termination, Ambassador owed ReachLocal $379,053.39.

- Ambassador describes the non-ReachLocal defendants as ReachLocal's agents. Opposition, at p. 4. Ambassador, however, omits reference to the fact that the agreements signed by these independent resellers contains the same "Independent Contractor Relationship" provision that is contained in Ambassador's agreement with ReachLocal. *See* Wright Decl., at ¶¶ 7, 9, Exh. C (the Account Agreement), at ¶ 31.[6]

## III.  CONCLUSION

For the foregoing reasons, the ReachLocal Defendants respectfully request that the motion be granted.

Dated:     New York, New York
           July 27, 2007

                                LATHAM & WATKINS LLP

                                By: /s Sabrina Y. Hassan
                                    Blair G. Connelly (BC 0237)
                                    Sabrina Y. Hassan (SH 2081)
                                    885 Third Avenue, Suite 1000
                                    New York, NY  10022
                                    Tel:  (212) 906-1200

                                *Attorneys for Defendants
                                ReachLocal, Inc. and Stephan Cesarini*

*Of Counsel:*

Daniel Scott Schecter
Jason J. Kim
Amjad M. Khan
LATHAM & WATKINS LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
(213) 485-1234

---

[6] "Independent Contractor Relationship. Business's relationship with the Company is that of an independent contractor, and nothing in this Agreement is intended to, or should be construed to, create a partnership, agency, joint venture or employment relationship."