SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
AMBASSADOR PUBLICATIONS, L.L.C.,　　　　　　Index No. 07600937
　　　　　　　　　　　　　　　　　　　　　　　Date Purchased:
　　　　　　　　　　　　Plaintiff,

- against -　　　　　　　　　　　　　　　　　　**SUMMONS**

PAUL DEBIASE, LAWRENCE STONE
and ADVANCED ROI,

　　　　　　　　　　　Defendants.
---------------------------------------------------------------x

TO:　Paul Debiase
　　　129 Pythian Avenue
　　　Hawthorne, NY 10532

　　　Lawrence Stone
　　　31 S. 9th Street
　　　Mount Vernon, NY 10550

　　　Advanced ROI
　　　280 Davenport Avenue
　　　New Rochelle, NY 10805



FILED
MAR 22 2007
NEW YORK
COUNTY CLERK'S

YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff, a copy of which is now served upon you in this action, and to serve copies of your answer upon the undersigned attorneys, within twenty (20) days after service of this summons and complaint exclusive of the day of service, or within thirty (30) days after service is completed if service is made by any method other than personal delivery to you within the State of New York.

In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint, together with the costs and disbursements of this action.

Plaintiff designates New York County as the place of trial. The basis of the venue designated is defendants having done business in this County and have engaged in the allegedly tortious and otherwise actionable conduct thereat.

4815-6583-4753.1

Dated: New York, New York
March 21, 2007

## LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Peter T. Shapiro, Esq.
Attorneys for Plaintiff
199 Water Street
New York, New York 10038
212.232.1300

4815-6583-4753.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
AMBASSADOR PUBLICATIONS, L.L.C.,   Index No.

           Plaintiff,

- against -   **COMPLAINT**

PAUL DEBIASE, LAWRENCE STONE
and ADVANCED ROI,   07600937

           Defendants.
-----------------------------------------------------------x

Plaintiff Ambassador Publications, L.L.C., by its attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for its Complaint, alleges as follows:

## THE PARTIES

1. Plaintiff Ambassador Publications, L.L.C. (Ambassador) is a Delaware limited liability company with its principal place of business in New York, New York.

2. Defendant Paul DeBiase ("DeBiase") is an individual residing in Hawthorne, New York, who during the relevant time period was employed by Ambassador in New York, New York.

3. Defendant Lawrence Stone ("Stone") is an individual residing in Mount Vernon, New York, who during the relevant time period was employed by Ambassador in New York, New York.

4 Defendant Advanced ROI ("Advanced") is, on information and belief, a business entity formed by DeBaise and/or Stone with a principal place of business in New Rochelle, New York.

## THE FACTUAL BACKGROUND

5. Ambassador is a publisher of telephone directories and is also engaged in the business of acting as an authorized reseller of internet marketing pay per click, or PPC, platforms (the "Internet Marketing Platform").

6. Ambassador hired DeBiase as an employee on or about April 17, 2006 and hired Stone on or about November 16, 2005.

7. At the time of their hiring, both DeBiase and Stone executed Ambassador's Proprietary Information and Inventions Agreement (the Agreement).

8. The Agreement provides, among other things, that the employee will help develop and create, and will be exposed to, Ambassadors Proprietary Information, as defined therein in some detail, including valuable confidential, proprietary and trade secret information, and will become familiar with Ambassador's procedures and methods of doing business, as well as have access to Ambassador's clients and channels for developing clients.

9. Stone and DeBiase stated in the Agreement that it would be fair that reasonable restrictions be placed on certain of their activities during and after the termination of their employment.

10. Stone and DeBiase stated further in the Agreement that they would hold in strict confidence and trust for Ambassador all Proprietary Information to which they have access during their employment and will not disclose same to anyone outside Ambassador, directly or indirectly.

11. Stone and DeBiase also agreed that the pursuit of activities forbidden by the Agreement would necessarily involve the use of disclosure of Proprietary Information in breach of the Agreement. Accordingly, Stone and DeBiase covenanted that during their employment

4846-1823-9489.1

and for two years thereafter they would not divert or attempt to divert any business from Ambassador including by soliciting Ambassador's customers, or solicit, induce or influence any person employed by Ambassador to terminate his or her employment.

12. Further, Stone and DeBiase covenanted that, while employed and for one year thereafter, they would not, directly or indirectly, engage in or participate in any business that is in competition in any manner whatsoever with the business of Ambassador unless they obtained written consent from Ambassador's board of directors, and for a like period would not accept employment or any relationship with any person or entity that provides services similar to Ambassador's business when such a relationship would require revelation or use of Ambassador's Proprietary Information.

13. As reflected by the Agreement, Ambassador engages in extensive efforts to protect its trade secrets and confidential and proprietary information from use or disclosure outside the company or use by third parties, particularly competitors.

14. The Agreement provided that any violation by Stone or DeBiase would cause Ambassador irreparable harm and significant injury, and they covenanted that Ambassador would have the right to obtain temporary and preliminary injunctive relief to restrain their breach or threatened breach of the Agreement.

15. During the course of their employment by Ambassador, Stone and DeBiase engaged in various activities for the benefit and at the direction of Ambassador. Among other things, they engaged in the development of, and efforts to sell and market, the Internet Marketing Platform sale of advertising in Ambassadors telephone directories, and engaged in efforts to sell the ReachLocal Platform to customers and prospective customers within Manhattan, the Bronx, Queens, Brooklyn and metropolitan area businesses that advertise in those markets.

16. In order to be able to sell and market the Internet Marketing Platform, Ambassador expended considerable time, effort and expense to train, educate and familiarize Stone and DeBiase with its business methods and customers generally and specifically with respect to the Internet Marketing Platform and the potential customers for such platforms.

17. Stone and DeBiase sought to sell and market the Internet Marketing Platform to various customers and prospective customers, and during their employment were exposed to the names of and critical competitive information concerning such customers and their advertising needs, preferences and business means and methods.

18. Notwithstanding their execution of the Agreement and continued employment by Ambassador, Stone and DeBiase have recently resigned from Ambassador's employ, and, on information and belief, taken from Ambassador its trade secrets and confidential and proprietary information concerning its customers, business means and methods, and have commenced a course of conduct that entailed myriad violations of the Agreement and their obligations to Ambassador as well as other actionable fraudulent, defamatory and tortuous acts of unfair competition.

19. Stone and DeBiase have commenced efforts to sell a competing internet marketing platform to customers in the New York metropolitan area, and have specifically targeted Ambassador customers they came to know by virtue of their work for Ambassador.

20. Additionally, DeBiase sought to solicit current employees of Ambassador to resign from Ambassador and to join with them in their efforts to compete unfairly with Ambassador, and thereby to breach the proprietary information and inventions agreements that each Ambassador sales employee executes upon joining the company.

21. On information and belief, DeBiase and Stone formed Advanced ROI as the business entity by which their unfair competition is being carried out. Advanced ROI has a website,

4846-1823-9489.1

advanced-roi.com, and is doing business from offices at 280 Davenport Avenue, New Rochelle, New York, the same address at which DeBiase's father operates an unrelated business.

22. As employees or agents of Advanced ROI, a direct competitor in the New York City market for internet marketing platforms, Stone and DeBiase are in a position to disclose and utilize Ambassador's Proprietary Information and to unfairly compete with Ambassador, and on information and belief they are already doing so.

23. On information and belief, defendants have contacted many of Ambassador's customers within the past several weeks and attempted to induce them to cease doing business with Ambassador and instead establish a relationship with them and/or Advanced ROI pursuant to which the customers can obtain the same services as Ambassador was contracted to employ.

24. Defendants have in the course of such contacts with Ambassador's customers stated multiple falsehoods concerning Ambassador's business operations, means and methods, including misrepresentations to customers that Ambassador is unable to offer and service a functional internet marketing platform and that it is experiencing serious financial problems and is otherwise unable to service its customers. Ambassador has been contacted by customers who are understandably alarmed by the false information disseminated by defendants.

25. Ambassador is being irreparably harmed by the above-described improper competitive activity of defendants and on behalf of Advanced ROI and risks the collapse of its business and forfeiture of obligations to lenders should defendants' activities go unchecked.

### FIRST CAUSE OF ACTION
### (Breach of Contract/Damages)

26. Ambassador has been damaged as a result of the above-described breaches of the Agreement in an amount to be determined in excess of $600,000.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty/Damages and Disgorgement)

27. Stone and DeBiase breached their fiduciary duties of loyalty, good faith and fidelity to Ambassador by taking with them its Proprietary Information, including its trade secrets, and by using same to unfairly compete against it, and by soliciting its employees to leave its employ.

28. By reason of Stone and DeBiase's tortious, wrongful, knowing, willful and intentional conduct in breach of duties during the term of their employment and thereafter, as set forth above, Ambassador has been damaged in an amount to be determined in excess of $600,000, and should be awarded punitive damages in an amount to be determined in excess of $1,000,000, and further is entitled to an accounting of all monies wrongfully obtained by defendants by means of such conduct, and disgorgement of all such earnings, and defendants should be compelled to repay to Ambassador all benefits received during the period of their disloyalty and the fruits of their wrongful conduct.

## THIRD CAUSE OF ACTION
### (Tortious Interference With Contract/Damages)

29. By reason of DeBiase's tortious, wrongful, knowing, willful and intentional interference with and inducement to Stone and possibly others to breach their agreements and other obligations owed to Ambassador, Ambassador has been damaged in an amount to be determined in excess of $600,000, and should be awarded punitive damages in an amount to be determined in excess of $1,00,000.

## FOURTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets/Damages)

30.    By reason of defendants' misappropriation, use and disclosure of Ambassador's Proprietary Information, including its trade secrets and confidential and proprietary information, Ambassador has been damaged in an amount to be determined in excess of $600,000, and should be awarded punitive damages in an amount to be determined in excess of $1,000,000.

## FIFTH CAUSE OF ACTION
### (Unfair Competition and Tortious Interference with Prospective Contractual Relations/Damages)

31.    Stone and DeBiase knew that Ambassador had developed and taken steps to protect its Proprietary Information.

32.    Stone and DeBiase possessed information regarding the continued needs, capabilities and preferences of Ambassador's existing and potential customers and suppliers.

33.    Stone and DeBiase knew that, by unlawfully using and disclosing Ambassador's Proprietary Information, and then using that unlawfully acquired property to market the services of a competitor, and by disparaging Ambassador and its products and services, Ambassador would lose business opportunities it had developed through the expenditure of significant time, effort and expense.

34.    Defendants' actions, including engaging in direct and unfair competition with Ambassador, have been done willfully and intentionally with the specific purpose of luring existing and potential customers away from Ambassador.

35.    Defendants have no justification to interfere with Ambassador's prospective contractual relationships as set forth herein.

4846-1823-9489.1

36. Defendants have utilized improper means, including the wrongful use and disclosure of Proprietary Information obtained in the course of his employment by Ambassador, and in breach of the obligations imposed pursuant to the Agreement, and the willful spreading and dissemination of knowingly false and misleading information about Ambassador.

37. As a direct and proximate result of defendants' wrongful and illegal conduct and unfair competition, Ambassador has been damaged in an amount to be determined in excess of $600,000, and should be awarded punitive damages in an amount to be determined in excess of $1,000,000.

## SIXTH CAUSE OF ACTION
### (Injunctive Relief)

38. Defendants' actions have caused and will continue to cause irreparable harm to Ambassador for which legal damages are not sufficient as Stone and DeBiase acknowledged pursuant to the Agreement.

39. Accordingly, this Court should grant an injunction enjoining defendants as well as any and all persons or entities in concert or participation with them, as follows:

(1) Preliminarily and then permanently enjoining Stone and Dibiase from, directly or indirectly, acting as employees, agents or servants of Advanced ROI or any similar entity, directly or indirectly, or otherwise diverting or attempting to divert any business from Ambassador including by soliciting or calling on any of Ambassador's customers, or using or disclosing Ambassador's Proprietary Information, for a period of two years from the dates Stone and DeBiase left Ambassador;

(2) Preliminarily and then permanently enjoining defendants from, directly or indirectly, soliciting or inducing any employee or agent of Ambassador to leave Ambassador or to become

employed or affiliated with them, or hiring any employee or agent of Ambassador, directly or indirectly, for a period of two years from the dates Stone and DeBiase left Ambassador;

(3) Preliminarily and then permanently enjoining Stone and DeBiase from, directly or indirectly, engaging or participating in any business that competes with Ambassador without written consent of Ambassador's board of directors, for a period of one year from the dates they left Ambassador;

(4)     Preliminarily and then permanently enjoining defendants from, directly or indirectly, using Ambassador's Proprietary Information for any purpose or engaging in any other conduct which has the effect of diluting or destroying the value and utility of such Proprietary Information, breaching, or inducing the breach of, any covenants of any Ambassador employee under his or her proprietary information and inventions agreement; and

(5)   Competing with Ambassador by means of spreading false and misleading information about its business operations, means and methods.

40.     Defendants should be ordered by the Court to account for and pay over to Ambassador all gains, profits and advantages derived from their unlawful and improper activities, as set forth herein or those that become known in discovery.

## SEVENTH CAUSE OF ACTION
### (Trade Libel)

41.     By reason of defendants' false statements about Ambassador, its products, means and methods, and its financial and general viability as a company, defendants have libeled Ambassador, and Ambassador has been damaged in an amount to be determined in excess of $600,000, and should be awarded punitive damages in an amount to be determined in excess of $1,000,000.

4846-1823-9489.1

## EIGHTH CAUSE OF ACTION
### (Commercial Defamation)

42. By reason of defendants' false statements about Ambassador, its products, means and methods, and its financial and general viability as a company, defendants have committed commercial defamation, and Ambassador has been damaged in an amount to be determined in excess of $600,000, and should be awarded punitive damages in an amount to be determined in excess of $1,000,000.

WHEREFORE, Ambassador demands judgment in its favor as follows:

(a) On the First Cause of Action, awarding damages in an amount to be determined in excess of $600,000 with interest from February 1, 2007;

(b) On the Second Cause of Action, awarding damages in an amount to be determined in excess of $600,000 with interest from February 1, 2007, and punitive damages in an amount to be determined in excess of $1,000,000, as well as an accounting of defendants' wrongfully gotten gains and disgorgement of same, as well as repayment of all benefits received from Ambassador during the period of disloyalty;

(c) On the Third Cause of Action, awarding damages in an amount to be determined in excess of $600,000 with interest from February 1, 2007, and punitive damages in an amount to be determined in excess of $1,000,000;

(d) On the Fourth Cause of Action, awarding damages in an amount to be determined in excess of $600,000 with interest from February 1, 2007, and punitive damages in an amount to be determined in excess of $1,000,000;

4846-1823-9489.1

(e) On the Fifth Cause of Action, awarding damages in an amount to be determined in excess of $600,000 with interest from February 1, 2007, and punitive damages in an amount to be determined;

(f) On the Sixth Cause of Action, ordering defendants to account for and pay over to Ambassador all gains, profits and advantages derived from their unlawful and improper activities, and imposing an injunction enjoining defendants as well as any and all persons or entities in concert or participation with them, as follows:

(1) Preliminarily and then permanently enjoining defendants Stone and DeBaise from, directly or indirectly, acting as an employee, agent or servant of Advanced ROI directly or indirectly; or otherwise diverting or attempting to divert any business from Ambassador including by soliciting or calling on any of Ambassador's customers, or using or disclosing Ambassador's Proprietary Information in violation of the Agreement, for a period of two years from the dates they left Ambassador;

(2) Preliminarily and then permanently enjoining defendants from, directly or indirectly, soliciting or inducing any employee or agent of Ambassador to leave Ambassador or to become employed or affiliated with them including Advanced ROI or hiring any employee or agent of Ambassador, directly or indirectly, for a period of two years from the dates they left Ambassador;

(3) Preliminarily and then permanently enjoining Stone and DeBiase from, directly or indirectly, engaging or participating in any business that competes with Ambassador without written consent of Ambassador's board of directors, for a period of one year from the dates they left Ambassador;

(4) Preliminarily and then permanently enjoining defendants from using Ambassador's Proprietary Information for any purpose or engaging in any other conduct which has the effect of

diluting or destroying the value and utility of same; breaching, or inducing the breach of, any covenants under the Agreement; and

(5) ordered to account for and pay over to Ambassador all gains, profits and advantages derived from their unlawful and improper activities

(g) On the Seventh Cause of Action, awarding damages in an amount to be determined in excess of $600,000 with interest from February 1, 2007, and punitive damages in an amount to be determined;

(h) On the Eighth Cause of Action, awarding damages in an amount to be determined in excess of $600,000 with interest from February 1, 2007, and punitive damages in an amount to be determined;

(i) awarding Ambassador the costs and disbursements of this action, including attorneys' fees and litigation expenses; and

(j) granting such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 21, 2007

                    LEWIS BRISBOIS BISGAARD & SMITH LLP

                    By: _____
                        Peter T. Shapiro, Esq.
                        Attorneys for Plaintiff
                        199 Water Street
                        New York, New York 10038
                        212.232.1300

4846-1823-9489.1

Index No.                                           Year 2007

# SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF NEW YORK

---

AMBASSADOR PUBLICATIONS, L.L.C.,

                                               *Plaintiffs,*

                                                 -against-

PAUL DEBIASE, LAWRENCE STONE
And ADVANCED ROI,

                                               *Defendants.*

---

## SUMMONS AND COMPLAINT

---

## LEWIS BRISBOIS BISGAARD & SMITH LLP

    *Attorney(s) for*
    *Plaintiff, Ambassador Publications, L.L.C.*

                                *Office Address & Tel. No.:*   199 Water Street, 25th Floor
                                                                                    New York, New York 10038
                                                                                   (212) 232-1300

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: November 22, 2006                            Signature _____
                                                               Print Signer's Name:

---

*Service of a copy of the within*                                                                  *is hereby admitted.*
*Dated:*

                                                                 *Attorney(s) for*

---

**PLEASE TAKE NOTICE**

Check Applicable Box

☐ **NOTICE OF ENTRY**     *that the within is a (certified) true copy of a entered in the office of the clerk of the within named Court on*

☐ **NOTICE OF SETTLEMENT**     *that an Order of which the within is a true copy will be presented for settlement to the Hon.   one of the judges of the within named Court, at on   , at   AM.*

Dated:

                                             *Attorney(s) for*

To:
*Attorney(s) for*                                 *Office Address & Tel. No.:*