UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AMBASSADOR PUBLICATIONS, L.L.C.,

                    Plaintiff,

    -against-

REACH LOCAL INC., STEPHAN CESARINI,
PAUL DEBIASE, LAWRENCE STONE,
ADVANCED ROI, ANDREW KNIGHT and
DOUGLAS KELLEHER,

                    Defendants,
-------------------------------------------------------------------x

**ANSWER**

**Index No.:**
**07 Civ  05687 (LTS)**

Defendant **ADVANCED ROI, INC.** incorrectly sued herein as Advanced ROI

("Defendant"), by its attorneys Curto, Schwartz, Curto Bond & Vomvolakis LLP, as and

for its answer to plaintiff's complaint states the following upon information and belief:

    1.     Defendant denies each and every allegation contained in paragraphs "6",

"9", "11" "45", "46", "47", "48", "49", "51", "53", "54", "55", "56", "57", "66", "75",

"76", "79", "80", "81", "82", "83", "84", "85", "89", "91", "92", "103", "104", "109" and

"110" of plaintiff's complaint.

    2.     Defendant denies knowledge or information sufficient to form a belief of

the allegations contained in paragraphs "1", "2", "3", "7", "8", "12" through "44", "50",

"52", "58" through "65", "67" through "74", "77", "78", "86", "87", "88", "90", "93"

through "102", "105" through "108" of plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

3.      Defendant did not sign a Proprietary Information and Inventions Agreement an/or initial all pages of said agreement and any such initialing and/or signature was a forgery.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

4.      *Assuming arguendo* that defendant did sign a Proprietary Information and Inventions Agreement, Sections 1.1 (Restrictions on Proprietary Information) and 1.3 (Unfair Competitive Practices) are not applicable to Defendant because he was not "terminated" by plaintiff but instead "resigned" (as distinguished in Ambassador Publications, LLC Sales Guidelines Effective February 1, 2006) from his employment with plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

5.      Any alleged covenant to not compete signed by Defendant is not enforceable because it is not reasonable in that it is too broad in scope of prohibited activity, temporal duration and geographical restrictions. Furthermore, defendant's services as a salesperson for plaintiff were not special or unique and any alleged proprietary or confidential information (i.e., customer list) was obtainable through publicly available sources. Moreover, any alleged customer solicitation would have occurred after Defendant had resigned from his employment with Plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

6.      Any alleged cause of action for trade libel is barred because plaintiff did not

have a protectable economic interest, the alleged libelous statement was true, the

statements were non-actionable expression of opinion, or no pecuniary loss was suffered as

a result of the statement.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

7.      Any alleged cause of action for tortuous interference with contractual

relations and/or prospective contractual relations is barred because all of plaintiff's subject

contracts with its clients that he allegedly solicited and/or obtained were voidable

and/or terminable at will by the client and/or plaintiff and said contracts automatically

expired within a limited time period. Furthermore, alleged acts of persuasion to advance

defendant's own competing interests without fraud and/or wrongful criminal conduct will

preclude a claim for tortuous interference with prospective contractual relations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

8.      Any actions allegedly amounting to an alleged breach of fiduciary duty

occurred after Defendant's employment with plaintiff had ended.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

9.      This action should be dismissed because another action is presently pending

against said defendant for the same and/or similar relief requested in the complaint herein

presently pending in Supreme Court of the State of New York, County of New York

bearing index number 600937-07.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

10.     This defendant hereby incorporates by reference any and/all defenses

asserted by any other co-defendants in this action as if fully set forth herein at length.

**WHEREFORE,** it is respectfully requested that this Court enter a judgment

dismissing plaintiff's complaint and awarding defendant the costs and disbursements

associated with this action, along with any further relief that the Court deems just and

proper.

Dated:  Yonkers, New York
        September 11, 2007


                                    **CURTO, SCHWARTZ, CURTO,
                                    BOND & VOMVOLAKIS, LLP**


                                    By: MICHAEL J. CURTO, ESQ. (MC-1338)
                                    *Attorneys for Defendant*
                                    The Hudson Valley Bank Building
                                    35 East Grassy Sprain Road
                                    Yonkers, New York 10710
                                    E-Mail: MJC@CSCBV.COM
                                    (914) 779-1100


To:     Lewis Brisbois Bisgaard & Smith LLP
        *Attorneys for Plaintiff*
        199 Water Street, 25th Floor
        New York, New York 10038
        (212) 232-1300

4

Index No.: 07-CIV 05687 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMBASSADOR PUBLICATIONS, LLC,

Plaintiff,

-against-

REACHLOCAL, INC., STEPHAN CESARINI,
PAUL DEBIASE, LAWRENCE STONE, ADVANCED ROI,
ANDREW KNIGHT and DOUGLAS KELLEHER,

Defendants.

## DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

CURTO, SCHWARTZ, CURTO, BOND & VOMVOLAKIS, LLP

By: _____
Michael J. Curto, Esq. (MC-1338)
Attorney for Defendant
THE HUDSON VALLEY BUILDING
35 EAST GRASSY SPRAIN ROAD
YONKERS, NEW YORK 10710
914-779-1100

*PLEASE TAKE NOTICE*
Notice of Entry
☐ that the within is a (certified) true copy of a                    entered in the office of the clerk of the within named Court on                    2007.

Notice of Settlement
☐ that a                    of which the within is a true copy, will be presented for settlement to the Hon.                    , one of the judges of the within named court on                    , 2007

CURTO, SCHWARTZ, CURTO, BOND & VOMVOLAKIS, LLP
*Attorneys for*
The Hudson Valley Building
35 East Grassy Sprain Road
Yonkers, New York 10710
914-779-1100